HARRAH ET AL. *v.* LANSING STATE BANK ET AL.

[No. 15,891.  Filed November 23, 1936.  Rehearing denied June 16, 1937.]

*Crumpacker & Friedrich,* and *Jay E. Darlington,* for appellants.

*J. B. Walters,* and *M. J. Fagan,* and *Riley, Reed, Murphy & McAttee,* for appellees.

KIME, C. J.—Appellants, plaintiffs below, filed a complaint against Lansing State Bank, a corporation, Elias S. Tegarden, Seymour Steadman, Trustee, Henry F. Schultz, Trustee, Beckman Supply Company, a corporation, Interstate Roofing Company, a corporation; McLaughlin Mill Supply Company, a corporation, Scott C. Wilson and Mrs. Scott C. Wilson, whose true christian name is unknown, for review of judgment obtained by Lansing State Bank, a corporation, against appellants and others in a suit to foreclose a mortgage. By a supplemental complaint in the cause at bar one Christ J. Frank was made an additional party defendant for the reason that he purchased the real estate secured by said mortgage at a sheriff's sale. To plaintiffs' complaint the defendant, Lansing State Bank, demurred and such demurrer was sustained by the court. The plaintiffs refused to plead further and judgment was entered

that the "plaintiffs take nothing by reason of their complaint from said Lansing State Bank and that the defendant Lansing State Bank, a corporation, do have and recover of and from the plaintiffs, Helen M. Harrah and William S. Harrah, her husband, all its costs herein. . . . and as to the other defendants the court entered a judgment that "plaintiffs take nothing by their complaint herein against any of said defendants, and that each of said defendants recover his costs." Plaintiffs' motion for new trial containing the grounds that the court's decision is not sustained by sufficient evidence and is contrary to law, was overruled and this vacation appeal followed.

Appellee, Lansing State Bank, appears specially and asks that this cause be dismissed for the reason that Interstate Roofing Company, a corporation and Christ J. Frank, defendants below and parties to the judgment above set out are not named in the assignment of error and, therefore, this court has no jurisdiction herein.

The assignment of error does not contain the names of Interstate Roofing Company, a corporation or Christ J. Frank, and the record does not disclose that as to them or either of them plaintiff's complaint was dismissed prior to the rendition of the judgment.

Rule 6 of the Supreme Court provides that "the assignment of error shall contain the full names of all parties to the judgment . . . ." The cases in support of the above rule to the effect that this court has no jurisdiction of an appeal where all the parties affected by the judgment, adverse to appellants are not before the court, are so numerous and the principle has been stated so many times that we cite no authorities.

Since the time in which this appeal may have been perfected has passed it is dismissed and it is so ordered.